# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DARRYL MILLER, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:10-CV-035 |
| MARCUS BEARD, and BISHOP, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by Darryl Miller. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Darryl Miller, a *pro se* prisoner, is incarcerated at the Miami Correctional Facility. The defendants are a correctional counselor and the classification supervisor. Miller alleges that he worked in the barbershop and was a student at Ball State University until he was denied dual classification status in January 2008. As a result, he was required to choose between either working in the barbershop or going to school.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."

*Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Miller alleges that "[t]here was no rational basis for the denial of dual classification and there was no legitimate penological purpose for [these] actions." (DE #1, Complaint, p. 3.) He alleges that this "violated my Fourteenth Amendment right to equal protection." (*Id.*) Miller does not claim that he was denied dual classification based on his status as a member of a protected class, *e.g.* race, religion. Rather he alleges "a class-of-one equal protection violation based solely upon purported irrationality . . . ." *United States v. Moore*, 543 F.3d 891, 898 (7th Cir. 2008). Nevertheless, in the case of inmate classification issues within a prison, this does not state a claim because

> [t]o treat like individuals differently in this context, even without a strictly rational justification, is not to classify them in a way that raises equal protection concerns. . . .

*Id.* at 901 (quotation marks and citation omitted).

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are

entrusted to exercise.

*Engquist v. Oregon. Dep't of Agric.*, 553 U.S. 591, ___; 128 S. Ct. 2146, 2154 (2008). Classifying inmates in a prison is a discretionary decisionmaking process involving a vast array of subjective, individualized assessments. As such, even an allegedly irrational classification decision is not challengeable under the Fourteenth Amendment under a class of one theory. Indeed, a prison does not even need a reason to relocate a convicted inmate, nor is a prisoner entitled to due process before he is relocated. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: May 25, 2010**          /s/RUDY LOZANO, Judge
                                 **United States District Court**